UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE KNIGHTON,

Petitioner,

v.

9:23-CV-1012
(DNH/ML)

JULIE WOLCOTT, Superintendent,

Respondent.

---

APPEARANCES: OF COUNSEL:

GEORGE KNIGHTON
Petitioner Pro Se
17-B-2713
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
28 Liberty Street
New York, New York 10005

MICHELLE E. MAEROV, ESQ.
Ass't Attorney General

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Petitioner George Knighton unsuccessfully sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition; Dkt. No. 28, Report & Recommendation ("August 2026 R&R") (recommending that the Petition be denied and dismissed); Dkt. No. 29, Decision and Order ("September 2026 D&O") (accepting August 2026 R&R denying and dismissing habeas claims); Dkt. No. 31, Objections; Dkt. No. 35, Response; Dkt. No. 37, Order

("September 2026 Order") (clarifying that, after consideration of the Objections, Response and prior Court Orders, the August 2026 R&R is adopted, and a judgment should be issued); Dkt. No. 38, Judgment (denying and dismissing action).[1]

Presently before the Court is (1) a motion for reconsideration of the September 2026 Order, Dkt. No. 39, and a response in opposition, Dkt. No. 43; (2) a Notice of Appeal, Dkt. No. 40; (3) an application to proceed in forma pauperis ("IFP") on appeal, Dkt. No. 41; and (4) a motion for appointment of counsel, Dkt. No. 42.[2]

## II. RULE 60(B)(1) MOTION

Petitioner challenges the September 2026 Order which "accepted and adopted [the August 2026 R & R] in all respects," and "directed [the Clerk] to ender a judgment[.]" Dkt. No. 37. While petitioner's caption classifies his motion as one for reconsideration, it appears he actually seeks to vacate the Judgment resulting from the September 2026 Order, pursuant to Federal Rule of Civil Procedure 60(b)(1), because the "District Court abused its discretion . . . [i]n denying [his] federal habeas petition . . . by basing its rulings on an erroneous view of the law, and . . . erroneous assessments of the evidence and facts presented in the federal habeas petition." Dkt. No. 39 at 1; *see also id.* at 4. Petitioner goes on to argue that his claims for ineffective assistance of counsel, related to his attorney's inability to competently litigate his Fourth Amendment claim regarding his warrantless and illegal arrest, were wrongly denied by this Court. *Id.* at 2-3.[3]

---

[1] Petitioner remitted the statutory filing fee with his pleading. *See* Dkt. Entry dated 08/03/23 (memorializing receipt information from filing fee transaction).

[2] The Notice of Appeal does not divest this Court of jurisdiction to consider petitioner's previously filed Motion to Vacate. Fed. R. App. P. 4(a)(4).

[3] Respondent argues that petitioner's motion for reconsideration, properly brought pursuant to Federal Rule of Civil Procedure 59(e), should be denied as meritless. Dkt. No. 43 at 5-8. The Federal Rules allow for "[a] motion to alter or amend a judgment . . . [to] be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). However here, petitioner seeks not just an alteration of the judgment, but it's complete vacation. Accordingly, Rule 60 is the correct

Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order or Proceeding. On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). "Importantly, Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

---

standard to use in analyzing petitioner's request. However, assuming respondent is correct, even if the motion were evaluated under Rule 59, it would still fail.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Services.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007). "An attempt to simply religitate an issue that was already decided will not be granted reconsideration." *In re Zyprexa Products Liab. Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (citing cases).

Petitioner's motion was filed within two weeks of the Judgment being issued; therefore, it is timely. However, his arguments mirror those which he unsuccessfully presented in his pleading. Petitioner cannot use a motion for reconsideration to relitigate the merits underlying the Court's decision to deny his petition. *In re Zyprexa Products Liab. Litig.*, 653 F. Supp. 2d at 182. Petitioner has not specifically identified any controlling decisions or material facts that were overlooked that might have influenced the Court's prior Decision and Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Simply put, petitioner's disagreement with the Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12. “The Supreme Court has interpreted subsection six as requiring a showing of ‘extraordinary circumstances’ to ‘justify[] the reopening of a final judgment.’” *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Here, petitioner’s motion was made two weeks after the September 2026 Order and Judgment were entered. Accordingly, it is timely.

Despite being timely filed, petitioner has failed to allege any facts demonstrating that Rule 60(b)(1) applies. "Where . . . a party alleges the district court made a mistake, relief may be provided in instances of both legal errors and factual errors." *Thatcher v. Lamanna*, No. 1:17-CV-4540, 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4, 2020) (citing *Colucci v. Beth Israel Med. Ctr.*, 521 F. App'x 118, 120 (2d Cir. 2013) & *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003)). Therefore "[t]o prevail on a Rule 60(b)(1) motion based on mistake, the moving party must establish the Court made a material mistake that changed the outcome of the Court's judgment." *Id.* (internal quotation marks and citations omitted).

However, petitioner merely repeated grounds he claimed entitled him to relief in his pleadings. Petitioner did not provide any controlling case law, facts, or data, which the Court overlooked that would have altered the Court's conclusion. Instead, petitioner's unsupported and conclusory assertions argue that the Court's reasoning was simply incorrect. Petitioner improperly attempts to "solely relitigate . . . issue[s] already decided," in the Court’s orders. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In sum, petitioner endeavors to invalidate his state court conviction; however, he is utilizing the wrong procedural vehicle to

do so. *Gonzalez*, 545 U.S. at 529; *Reynolds*, 2010 WL 604179, at *3.

## III. IFP APPLICATION

Under Rule 24 of the Federal Rules of Appellate Procedure, a party to a district court action who seeks IFP status for purposes of an appeal must file a motion in the district court and must include an affidavit that

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms ("Form 4") the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C). Petitioner failed to both file the Form 4 affidavit and "attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [petitioner's] institutional accounts" as required by said affidavit. As a result, petitioner failed to submit all the necessary information for the Court to evaluate his financial eligibility. Consequently, his IFP application is denied without prejudice.

If petitioner wants to pursue his appeal in forma pauperis, he must file a motion that complies with Fed. R. App. P. 24(a)(1) and the requirements set forth in Form 4 within thirty (30) days of the filing date of this Decision and Order.

## IV. APPOINTMENT OF COUNSEL

Petitioner also seeks appointment of counsel to assist with his appeal because he "believe[s his] federal habeas raises substantial claims that may require a reversal of all charges . . . [, he is] a layman of the law, and [he] seek[s] release pending appeal[.]" Dkt. No. 42 at 1. Petitioner emphasizes that the "district court abuse[d its] discretion [in] denying

habeas relief." *Id.* Petitioner then includes correspondence from various individuals and legal organizations which declined to assist him. *Id.* at 2-6.

Local Rule 24.1 for the United States Court of Appeals for the Second Circuit outlines the materials required for a motion requesting appointment of counsel. Considering petitioner's filing of a notice of appeal, and because the substance of petitioner's motion seeks representation to assist him with said appeal, his request for counsel is not properly before this Court. Accordingly, petitioner's motion is denied without prejudice to renew before the Second Circuit.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's motion for reconsideration, Dkt. No. 39, is **DENIED**; and it is further

**ORDERED** that petitioner's IFP application, Dkt. No. 41, is **DENIED WITHOUT PREJUDICE** for nonconformance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure and Form 4 of the Appendix of Forms; and it is further

**ORDERED** that, if petitioner wants to pursue his appeal in forma pauperis, he must file an amended motion to do so that complies with Rule 24(a)(1) of the Federal Rules of Appellate Procedure within thirty (30) days of the filing date of this Decision and Order. The Clerk is directed to send petitioner blank copies of an IFP Application and Form 4 of the Appendix of Forms; and it is further

**ORDERED** that petitioner's motion for appointment of counsel, Dkt. No. 42, is **DENIED WITHOUT PREJUDICE** to renew before the Second Circuit; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order upon

petitioner and the Second Circuit Court of Appeals in accordance with the Local Rules and Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: October 30, 2026
Utica, New York.

David N. Hurd
U.S. District Judge